■ In the Matter of JERMAINE H., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant; LISA H., Respondent. KIMBERLY WEISBECK, Attorney for the Child, Respondent. [914 NYS2d 485]—

Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered November 27, 2009 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, granted the motion of the Attorney for the Child to designate the foster parent of the subject child a kinship foster care parent.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion of the Attorney for the Child is denied.

Memorandum: Petitioner, Monroe County Department of Human Services (DHS), initially moved by order to show cause to place the subject child in the care of a family friend who had custody of the child's half-siblings. The subject child was to remain under the supervision of DHS pursuant to Family Court Act § 1017 (2) (a) (ii) and (3). Thereafter, however, Family Court granted the motion of the Attorney for the Child seeking an order directing, inter alia, DHS to certify the child's caregiver as an emergency foster care provider. In granting the motion, the court stated that section 1017 (2) (a) (iii) required that, if the caregiver "is qualified to take care of the child, that person shall be certified as an emergency foster parent," and the court further stated that it "can direct that [DHS] . . . certify emergency kinship foster care homes generally." We conclude that the court did not correctly interpret the statute, and we therefore reverse the order and deny the motion.

It is axiomatic that " '[a] court must consider a statute as a whole, reading and construing all parts of an act together to determine legislative intent, and, where possible, should harmonize all parts of a statute with each other and give effect and meaning to the entire statute and every part and word

thereof" . . . Moreover, clear and unambiguous statutory language should be construed so as to give effect to the plain meaning of the words used" (*Matter of Brian L. v Administration for Children's Servs.*, 51 AD3d 488, 493 [2008], *lv denied* 11 NY3d 703 [2008]). Here, Family Court Act § 1017 (2) (a) (iii) provides in relevant part that, "where the court determines that the child may reside with a . . . relative or other suitable person, . . . [the court shall] remand or place the child, as applicable, with the local commissioner of social services and direct such commissioner to have the child reside with such relative or other suitable person and . . . to commence an investigation of the home of such relative or other suitable person within twenty-four hours and thereafter approve such relative or other suitable person, if qualified, as a foster parent." Pursuant to 18 NYCRR 443.7 (a), "[a] potential foster home or the home of a relative of a foster child may be certified or approved as an emergency foster home" if the child is removed from his or her own home, as was the case here. We agree with DHS that neither the statute nor the regulation requires that it certify the person with whom the child is placed as an *emergency* foster parent (*see* 18 NYCRR 443.7 *et seq.*) but, rather, DHS is required only to certify the person with whom the child is placed as a foster parent, upon determining that the person is so qualified (*see generally* 18 NYCRR 443.2 *et seq.*).

Furthermore, we agree with DHS that the court impermissibly "encroached upon powers granted by section 398 of the Social Services Law to [DHS]" (*Matter of Lorie C.*, 49 NY2d 161, 166 [1980]; *see Matter of Ronald W.*, 25 AD3d 4, 11 [2005]). Social Services Law § 398 (2) (b) authorizes the Commissioner of DHS to "[r]eceive and care for any child alleged to be neglected, . . . including the authori[zation] to establish, operate, maintain and approve facilities for such purpose in accordance with the regulations of [DHS]." Family Court Act § 255, in turn, "gives the Family Court flexibility and potency when dealing with government agencies. However, that power is not unlimited . . . [and] does not extend to the issuance of an order directing executive agencies to take specific discretionary action" (*Ronald W.*, 25 AD3d at 10). We therefore reverse the order and deny the motion of the Attorney for the Child. Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.